**This order is SIGNED.**

Dated: September 16, 2020


**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



*Prepared and submitted by:*

Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

*Attorneys for* the Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br><br>JOHN OLSON and ASHLEY OLSON,<br><br>Debtors. | Bankruptcy No. 20-23408 (RKM)<br><br>Chapter 11<br><br>(Subchapter V) |
|---|---|

**FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
OF DEBTORS' PLAN OF REORGANIZATION DATED JULY 14, 2020 UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE**

The matter before the Court is the *Debtors' Amended Motion to Confirm Plan Under 11 U.S.C. § 1191* [Docket No. 42] (the "*Motion*"), filed by John Olson and Ashley Olson, the debtors and debtors-in-possession in the above-captioned case (the "Debtors") whereby the Debtors seek confirmation of the *Debtors' Plan of Reorganization dated July 14, 2020* [Docket No. 31] (as it may be amended by the Confirmation Order, the "Plan").

{00511649.DOCX / 3}

Based upon the evidence set forth on the Docket in the Case, including the *Declaration of John Olson in Support of Confirmation of Debtors' Plan of Reorganization* [Docket No. 52], the Motion, the *Ballot Tabulation Register* [Docket No. 51], and other papers filed concerning the Plan [*e.g.*, Docket Nos. 8, 12, 13, 19, 32, 38, 43, and 44], having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A.     <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.     <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

C.     <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Motion, and the deadlines for voting on and filing

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

[2]   Capitalized terms used but not otherwise defined herein are defined in the Plan.

{00511649.DOCX / 3}                                2

objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules. See Certificate of Service, Docket No. 44. The Plan and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. Any modifications of and to the Plan, including any modifications made under the Confirmation Order, are immaterial in that they do not adversely change the treatment under the Plan of any creditor, and under Bankruptcy Rule 3019(a), the modifications are deemed accepted by all creditors who have previously accepted the Plan. No other or further notice of the Plan or Motion is or shall be required.

D. Solicitation. The solicitation of votes for acceptance or rejection of the Plan complied with § 1126,[3] Bankruptcy Rules (including interim rules) 3017.2 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtors' solicitation of votes on the Plan was proper and done in good faith.

E. Distribution. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F. Creditors' Acceptance of Plan. The Plan establishes five Classes of Claims. Based on a review of the Debtor's Schedules and the Claims Register

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

maintained by the Court, there are no holders of Class 1 Claims. Classes 2, 3, and 4 are impaired and were entitled to vote on the Plan. Class 2 (General Unsecured Claims) overwhelmingly voted to accept the Plan (5/6 accepting votes, representing 98% of total voting Claims), as reflected by the Ballot Tabulation Register filed in the Case. Class 3 (Allowed Secured Claim of Bank of America) accepted the Plan. Class 4 (Allowed Secured Claim of Sean Kunzler) accepted the Plan. The Debtors did not receive any ballots for Class 5 (Miscellaneous Secured Claims). Under the binding precedent of In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988), holders of unimpaired Claims that did not return ballots are deemed to have accepted the Plan. Those Creditors who are impaired, but did not vote, are bound by the Classes that accepted the Plan. Accordingly, the Court finds the Debtor meets the voting requirements under Bankruptcy Code § 1129(a)(8) and (a)(10). No party-in-interest filed an objection to the Plan.

      G.    Plan Complies with Bankruptcy Code. The Plan, as supplemented and modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying §§ 1129(a)(1) and 1191(a).

      i.    Proper Classification. As required by § 1123(a)(1),[4] Article 3 of the Plan properly designates classes of Claims, and classifies only substantially similar Claims in the same classes pursuant to § 1122.

      ii.    Specify Unimpaired Classes. There are no unimpaired classes under the Plan. All classes of claims are impaired.

---

[4] Unless otherwise provided, all references to statutory sections in this Declaration using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

   iii. <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 5 are designated as impaired under the Plan.  Article 4 of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

   iv. <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder(s) of a particular Claim(s) have agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

   v. <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).  Among other things, Articles 5 and 6 of the Plan provide for (a) the vesting of the property of the Debtors and their chapter 11 bankruptcy Estate in the Reorganized Debtors, (b) the Reorganized Debtors' use and retention of property, (c) the continuation of normal business (life) operations by the Reorganized Debtors, and (d) distributions to creditors equal to the Reorganized Debtors' Projected Disposable Income.

   vi. <u>Corporate Charter Provision Inapplicable</u>.  Section 1123(a)(6) is satisfied in that it is inapplicable to individual debtors.

   vii. <u>Selection of Manager(s)</u>.  Section 1123(a)(7) is satisfied or inapplicable in that the Debtors are individuals, and do not have managers, officers, or directors.

   viii. <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) the assumption and/or rejection of executory contracts and unexpired leases, (b) the retention and enforcement by the Debtors of claims under chapter 5 of the Bankruptcy Code and under applicable non-bankruptcy law, and (c) modification of the rights of holders of secured claims.  Thus, § 1123(b) is satisfied.

   ix. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtors as its proponents, thereby satisfying Bankruptcy Rule 3016(a).

  H. <u>The Plan and its Proponent Comply with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtors complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

   i. The Debtors are proper proponents of the Plan under § 1121(c).

   ii. The Debtors complied with the applicable provisions of the Bankruptcy Code, including §§ 1181 – 1195 (as applicable), the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

  I. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law and, therefore, complies with the requirements of § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan.

   i. the Debtors filed this chapter 11 Case, and the Debtors have proposed the Plan for a valid reorganizational purpose;

   ii. neither this Case nor the Plan was filed as a litigation tactic or for delay;

   iii. the Debtors have been, and are, actively prosecuting this Case;

   iv. the Debtors proposed the Plan with the legitimate and honest purpose of, among other things, restructuring the Debtors' financial affairs and providing a meaningful return to all classes of creditors;

   v. the Plan is the fruit of arms-length negotiations with creditors, and

{00511649.DOCX / 3}      6

includes input from the Trustee appointed under § 1183;

  vi.  the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims from the continuation of normal business operations, to be paid directly by the Debtors;

  vii.  the Debtors anticipate having ongoing salary from the operation of Sunplay to fund repayment of creditor claims under the Plan;

  viii.  the Debtors have a realistic budget, as set forth in the budget attached to the Declaration of John Olson in Support of Confirmation of Debtors' Plan of Reorganization, setting forth their ability to make Plan payments and afford our general living expenses.

  J.  <u>Payments for Services or Costs and Expenses</u>.  Pursuant to section 2.2 of the Plan, all fees and expenses of Professionals incurred through and including the Effective Date will be subject to the Court's approval, and will be paid through the Debtors' Plan Payments, as authorized by § 1191(e) (unless otherwise agreed by the Debtors and the holder of such Claim.  Moreover, section 10.1 of the Plan provides that this Court will retain jurisdiction after the Effective Date to hear and determine all applications by Professionals and others for compensation and reimbursement of expenses relating to the period prior to the Effective Date.  Accordingly, the Plan complies with § 1129(a)(4).

  K.  <u>Reorganized Debtors as Successors to Debtors</u>.  The Plan states that the Reorganized Debtors shall succeed the Debtors, and shall make the Plan Payments provided for in the Plan. The Reorganized Debtors' service is consistent with the

interests of the holders of Claims and with public policy. Therefore, the requirements of § 1129(a)(5) are satisfied.

L.     <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M.     <u>Best Interests of Creditors Test</u>.  The Plan was accepted by all Classes of Claims.  Further and in any event, the Plan provides that each holder of a Claim will receive or retain under the Plan on account of their Claim property of a value, as of the effective date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to chapter 7, and the Estate were liquidated by a chapter 7 trustee. If the case were converted to chapter 7, creditors would be unlikely to receive any payments, as set forth in the liquidation analysis that is included with the Plan. As such, § 1129(a)(7) is satisfied.

N.     <u>Acceptance by Classes of Claims</u>.  As detailed above, the Plan was accepted by all Classes of Claims or, under <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988), all Classes of Claims are deemed to accept the Plan.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  The Plan provides, in Article 2, for the treatment of administrative and priority claimants in accordance with the requirements of §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

P. <u>Acceptance by at Least One Impaired Class</u>.  As set forth in the Ballot Tabulation Report, all Classes of impaired Claims accepted (or are deemed to accept) the Plan. Therefore, the Debtors satisfy the requirements of § 1129(a)(10).

Q. <u>Feasibility</u>.  The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtors.  The Court is satisfied that the Plan offers a reasonable prospect of success and is workable.  As such, the requirements of section 1129(a)(11) are satisfied.

R. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid, are not required to be paid, or will be paid on or before the Effective Date, pursuant to Section 2.2 of the Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because the Debtors are not obligated to pay any retiree benefits subject to § 1114.

T. <u>No Domestic Support Obligations</u>.  The Debtors do not have any domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

U. <u>1129(a)(15)</u>.  Bankruptcy Code § 1129(a)(15) is inapplicable in an SBRA Case.

V.  <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W.  <u>Fair and Equitable; No Unfair Discrimination</u>.  All Classes of Claims have accepted (or are deemed to have accepted) the Plan.  As such, the "cram down" requirements of § 1191(b) are not applicable.

X.  <u>Debtors are Proponents of the Plan.</u>  The Debtors are the proponents of the Plan.  As such, the requirements of § 1189 are satisfied.

Y.  <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

Z.  <u>Debtors are Entitled to Discharge Upon Effective Date</u>.  Consistent with Section 12.4 of the Plan and Bankruptcy Code §§ 1181(a) and (c), 1191(a) and 1141(d), the Debtors will be discharged from any debt that arose before entry of the Confirmation Order, to the extent specified in § 1141(d)(1)(A) and the terms of the Plan. Because the Debtors are entitled to a discharge under § 1141(d),  Section 12.4 of the Plan of the Plan should be modified by the Confirmation Order such that the following language is stricken: "The Debtor will not be discharged from any debt (i) imposed by this Plan; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure." The aforementioned language is inconsistent with Bankruptcy Code § 1141(d)(1)(A).

AA. <u>Trustee to be Discharged from Duties</u>. Consistent with Section 5.3 of the Plan and Bankruptcy Code § 1183(c), the duties of the Trustee shall cease upon substantial consummation of the Plan, which shall occur on the Effective Date.

BB. In summary, the Plan complies with, and the Debtors satisfy, all applicable confirmation requirements, and the Plan will be confirmed under § 1191(a) by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------

## **DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION DATED JULY 14, 2020 UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** should be served on the parties in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- Jesse A.P. Baker     ecfutb@aldridgepite.com, jbaker@aldridgepite.com;JPB@ecf.inforuptcy.com
- Lesley Lueke     ecfutb@aldridgepite.com, llueke@ecf.inforuptcy.com
- John T. Morgan     john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov
- D. Ray Strong tr     rstrong@thinkbrg.com, UT30@ecfcbis.com
- Jeffrey L. Trousdale     jtrousdale@cohnekinghorn.com, mparks@cohnekinghorn.com
- United States Trustee     USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☒ None

☐ Mail Parties:

☐ All parties on the Court's official case matrix.

/s/ *Jeffrey Trousdale*